# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:11cr194 |
| | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **KRISHNA MOTE,** | : | |
|             **Defendant** | : | |

## MEMORANDUM & ORDER

In anticipation of trial, Defendant Krishna Mote (hereinafter "defendant") filed two pretrial motions. In his first motion, defendant requests that the undersigned recuse himself from presiding over the trial. (Doc. 84). In his second motion, defendant moves to dismiss the indictment pursuant to the Speedy Trial Act. (Doc. 86). The government has filed briefs in opposition to defendant's pretrial motions, and, for the following reasons, both motions will be denied.

### Motion for Recusal (Doc. 84)

Defendant first moves for recusal pursuant to 28 U.S.C. § 455.[1] The law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry to substantiate recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the

---

[1] The issue of judicial recusal is also governed by 28 U.S.C. § 144, which provides that a district court judge should grant a motion for recusal if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. Defendant has submitted no such affidavit in support of the instant motion; thus, defendant's motion for recusal is brought solely pursuant to § 455.

judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted); see also Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) ("Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." (internal quotation omitted)). Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

The Third Circuit Court of Appeals has long held that "[b]eliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir.1995)). In the absence of extrajudicial bias, a party seeking recusal must show that a judge has a "deep-seated and unequivocal antagonism that would render fair judgment impossible" to obtain recusal. Liteky v. United States, 510 U.S. 540, 556 (1994). The district judge has discretion with respect to assessing whether extrajudicial bias or the presence of unequivocal antagonism favor recusal. See United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir.1985).

In support of his assertions of bias, defendant states that he "made a [disciplinary or misconduct related] complaint to the Third Circuit . . .

2

against the Hon. James M. Munley on or about March 7, 2008." (Doc. 85, Br. in Supp. of Mot. for Recusal at 1-2). Defendant expressed his fear that the undersigned will be unable to sit fairly and impartially over the trial because of this alleged 2008 complaint that defendant may have filed with the Third Circuit Court of Appeals. (Id. at 2, 5-6).

Defendant's assertions regarding his alleged 2008 complaint do not indicate the possibility of bias such that the court's impartiality may be questioned. The fact that the defendant may have filed a complaint against the undersigned is not sufficient to justify recusal because it demonstrates no bias on the part of the judge. See United States v. Olander, 584 F.2d 876, 887 (9th Cir. 1978) (finding that an attempt to have a judge impeached is not sufficient, without more, to support recusal as it does not show a loss of impartiality on the judge's part), vacated on other grounds sub nom. Harrington v. United States, 443 U.S. 914 (1979).

The court further notes that plaintiff filed the alleged complaint against the undersigned over four years ago, at a time when defendant was before this court for a related criminal matter. (See Criminal Case No. 3:07cr144). The previous indictment against defendant was dismissed on May 26, 2011, (see Doc. 675 in 3:07cr144), and the most recent indictment against defendant has been pending before this court since June 7, 2011. Despite having ample opportunities to raise his concerns regarding judicial bias, defendant has waited until the eve of trial to express his vague concerns regarding the March 2008 filing he potentially made with the

3

Third Circuit.[2]  Accordingly, the court will deny defendant's motion for recusal.

**Motion to Dismiss Pursuant to the Speedy Trial Act (Doc. 86)**

Defendant moves for dismissal of the indictment on the grounds that he was not brought to trial within the period of time required by the Speedy Trial Act, 18 U.S.C. § 3161(c).  Defendant specifically alleges he suffered a delay in excess of seventy non-excludable days from September 22, 2011 to the time in which trial was rescheduled on September 10, 2012.  (See Doc. 86, Mot. & Incorporated Mem. to Dismiss for Violation of the Speedy Trial Act).

Defendant previously raised this speedy trial argument in a motion to dismiss filed on September 19, 2012.  (See Doc. 49, Def.'s Mot. to Dismiss Indictment for Violation of Speedy Trial Rights).  The court carefully considered defendant's previous motion to dismiss pursuant to the Speedy Trial Act, and the court ruled against defendant and found that fewer than seventy non-excludable days lapsed during the period from September 2011 to September 2012.  (See Doc. 59, Mem. & Order dated Sept. 28, 2012).  In light of the fact that defendant raises the same issue again, the

---

[2] The court notes that defendant's assertions with regard to his complaint against the undersigned are, at best, equivocal.  Defendant states in his brief in support of the motion for recusal that "Defendant believes that he made a complaint to the Third Circuit," and that the undersigned's impartiality is brought into question because of the "allegations in the misconduct complaint that Defendant believes to have filed."  (Doc. 85, Br. in Supp. of Mot. for Recusal at 1, 5).

court will construe the instant motion as a motion for reconsideration.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1983)); see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on a motion for reconsideration, a movant must demonstrate one of the following three grounds (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through–rightly or wrongly." (quotations and citations omitted)).

Defendant's instant motion to dismiss pursuant to the Speedy Trial Act is nothing more than a reassertion of the arguments he previously presented. Defendant does not assert that there has been a change in the controlling law, that there is new evidence, or that there is a need to correct a clear error of law or manifest injustice. Rather, defendant seeks to

convince the court to rethink the decision on his previous speedy trial motion. Thus, the court will deny defendant's motion to dismiss pursuant to the Speedy Trial Act.

**AND NOW**, to wit, this 26th day of November 2012, Defendant Krishna Mote's motion for recusal (Doc. 84) and his motion for dismissal pursuant to the Speedy Trial Act (Doc. 86) are hereby **DENIED**.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**