# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:11cr194 |
| | : | No. 3:14cv1717 |
| v. | : | |
| | : | (Judge Munley) |
| **KRISHNA MOTE,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Defendant Krishna Mote's (hereinafter "defendant") motion[1] under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 140). The matter has been fully briefed and is ripe for disposition. After careful consideration, the court finds that defendant is not entitled to relief and the motion will be denied.

**Background**

A federal grand jury indicted Defendant Mote on April 4, 2007 on charges of conspiracy to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine and distribution of cocaine base. (No. 7-144, Doc. 1). Defendant Mote pled not guilty on March 15, 2010. (No. 7-144, Doc. 592). On May 26, 2011, the court dismissed that indictment without prejudice

---

[1] Defendant filed the instant motion on his own behalf, *pro se*. A prisoner's *pro se* pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). We have kept this precept in mind as we have reviewed defendant's motion and briefs.

under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.  (No. 7-144, Doc. 675).

Defendant Mote was then indicted on June 7, 2011, on charges of conspiracy to distribute in excess of 280 grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute cocaine base as an aider and abettor, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.  (Doc. 1).

The U.S. Attorney filed an information of prior convictions of controlled substance offenses on September 26, 2012, detailing defendant's felony convictions for distribution in Massachusetts in 1989, 1990, and 1994.  (Doc. 57).  That filing also provided notice that defendant's prior felony drug convictions would enhance defendant's sentence, if convicted, to mandatory minimums of life imprisonment for the conspiracy charge and thirty (30) years for the distribution charge, and potential fines of up to $10,000,000.  (Id.)

The court held a three-day trial beginning on December 4, 2012. Defendant represented himself at trial.[2]  A jury convicted him of both counts

---

[2] The court initially appointed Attorney Charles Witaconis to represent defendant. (Doc. 9). Defendant expressed his displeasure with Attorney Witaconis, (Doc. 64), and the court replaced Attorney Witaconis with Attorney Brandon Reish, (Doc. 70). On the eve of trial, and despite the repeated warnings by this court of the difficulty *pro se* litigants face, defendant exercised his constitutional right to proceed *pro se* at trial. (Docs.88, 95). The court appointed Attorney Reish to serve as standby counsel for the duration of

2

on December 6, 2012. (Doc. 103). Defendant Mote then filed a *pro se* notice of appeal on December 9, 2012. (Doc. 114). On May 15, 2013, the court sentenced the defendant to life imprisonment on the conspiracy charge and thirty (30) years on the distribution charge, to run concurrently. (Doc. 136).

Defendant filed a motion seeking a new trial, which the court denied on May 7, 2013. (Doc. 132). On January 31, 2014, the Court of Appeals for the Third Circuit affirmed defendant's conviction and sentence. United States v. Krishna Mote, 553 F. App'x 117 (3d Cir. 2014). Attorney Reish represented defendant both on appeal (No. 13-1087, Doc. 003111303592, Brief of Appellant) and at sentencing (Doc. 135). The Supreme Court denied defendant's petition for writ of certiorari on June 2, 2014. Krishna Mote v. United States, 134 S.Ct. 2716 (2014).

Defendant filed the current motion on September 3, 2014. (Doc. 140). The parties then briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As defendant brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of

---

defendant's trial. (Doc. 95).

all civil actions arising under the Constitution, laws, or treaties of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Standard of Review**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final,[3] move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A section 2255 motion may attack a federal prisoner's sentence on any of the following grounds: "[1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was not authorized by law or otherwise open to collateral attack, or [3] that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b).

Section 2255, however, does not afford a remedy for all errors that

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for section 2255 motions. 28 U.S.C. § 2255(f). That period generally runs from "the date on which the judgment of conviction becomes final." Id. A petitioner's judgment becomes "final" when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for file a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

may have been made at trial or sentencing.  United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)).  If the court determines that the sentence was not authorized by law, was unconstitutional, or otherwise open to collateral attack, the court must either vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate.  See 28 U.S.C. § 2255(b).  Conversely, a court may dismiss a section 2255 motion where the record shows conclusively that the movant is not entitled to relief.  United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

**Ineffective Assistance of Counsel**

Defendant's motion raises the claim that his conviction and sentence resulted from unconstitutionally ineffective assistance of counsel.  The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson,

397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Thus, under Strickland, to prove that his counsel was deficient at trial or sentencing, a defendant must convince the court of two factors, deficient performance by counsel and prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." Id. at 687. Satisfying the first factor, deficient performance, requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must

6

show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings," because "not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding." Id. (quoting Strickland, 466 U.S. at 693).

Relief under section 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the Strickland test. See Strickland, 466 U.S. at 686. Here, the defendant fails to satisfy either prong. Defendant has not established prejudice. As we explain below, the deficiencies in representation defendant alleges are without merit. The fact that they had no merit would not have changed if counsel had vigorously pursued each of the baseless arguments defendant sets forth. Defendant further fails to establish any substandard representation by his

attorney whatsoever, let alone a level of deficiency that would run afoul of the Sixth Amendment.

**Discussion**

Defendant Mote claims that his attorney, Brandon Reish, provided ineffective assistance in three ways: 1) prior to trial and on appeal, Reish failed to challenge Mote's second indictment on double jeopardy grounds; 2) during sentencing and on appeal, Reish failed to object to Mote's career offender status and failed to challenge an ex post facto application of the Fair Sentencing Act; and 3) prior to trial and on appeal, Reish failed to challenge an invalid arrest warrant. We address these claims in turn.

**1. Double Jeopardy**

As noted above, the government indicted the defendant twice. The court dismissed the first indictment, and the jury convicted him on the second. Defendant claims that when the government re-indicted him, he was subjected to double jeopardy in violation of the Fifth Amendment to the Constitution, which provides that no "person shall be subject for the same offense to be twice put in jeopardy of life or limb." Defendant's first indictment was dismissed under the Speedy Trial Act, 18 U.S.C. § 3163 (c)(1), **without prejudice**. See (No. 7-144, Doc. 675). Therefore, the second indictment

remained permissible without running afoul of the Fifth Amendment.  See, e.g., United States v. Taylor, 487 U.S. 326 (1988) (reversing dismissal with prejudice under the Speedy Trial Act to allow for reprosecution); see also Serfass v. United States, 420 U.S. 388 (1975) (Jeopardy does not attach until a jury is empaneled and sworn or, in a nonjury trial, until the court begins hearing evidence.).  Defendant has failed to establish that Attorney Reish exercised unreasonable professional judgment in not challenging the second indictment on double jeopardy grounds.

**2. Career Offender Status and Fair Sentencing Act**

Defendant received a sentence of life imprisonment on the conspiracy charge and thirty (30) years on the distribution charge, to run concurrently. Defendant claims that Attorney Reish should have challenged the bases for his life sentence.  Defendant argues that Attorney Reish should have challenged his sentence based on an improper application of career offender status and an ex post facto application of the Fair Sentencing Act of 2010 (hereinafter "FSA"), 124 Stat. 2372.  Defendant's arguments fundamentally misunderstand the basis for his sentence.

Defendant's life sentence was the mandatory minimum sentence under 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A), 846, and 851, based upon his prior

felony convictions for drug offenses. Section 841 mandates that for anyone who distributes 280 grams or more of cocaine base, that "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."

Thus, the life sentence was not the result of a finding that defendant was a career offender, nor did the FSA affect the length of defendant's sentence. In fact, the only effect the FSA had on defendant's case flowed in defendant's favor, by raising the quantity of cocaine base that the government was required to prove to trigger mandatory minimum sentences. The jury expressly found that defendant conspired to distribute more than 280 grams of cocaine base, satisfying the FSA's heightened requirement and triggering defendant's life sentence. Moreover, the Court of Appeals for the Third Circuit reviewed defendant's sentence, and concluded that "with three prior felony drug convictions, the District Court properly sentenced him to a mandated life imprisonment." U.S. v. Mote, 553 F. App'x 117, 118 (2014).

Thus, defendant's assertion that Attorney Reish was remiss in not challenging the sentence on these grounds is without basis.

### 3. Arrest Warrant

Defendant's final claim is that his attorney was ineffective because he

failed to challenge defendant's arrest warrant.  Mote argues that the warrant was invalid because it was not based on a complaint or an affidavit of probable cause, and because the warrant did not bear a judge's signature.  These arguments are meritless.  The warrant was issued after a grand jury returned an indictment (Doc. 1), which is a finding of probable cause.  See Kaley v. United States, 134 S.Ct. 1090, 1097 (2014) ("This Court has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a prosecution for a serious crime.")  Additionally, the warrant (Doc. 5) was properly issued pursuant to Magistrate Judge Blewitt's signed order (Doc. 4).  The warrant was valid.

**Evidentiary Hearing**

In defendant's reply brief he requests an evidentiary hearing.  The request will be denied.  A movant under section 2255 is entitled to a hearing unless the record conclusively establishes that he is not entitled to relief. United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989).  The decision as to whether a hearing is necessary is left to the sound discretion of the district court.  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Based upon our reasoning above, we find no merit to any of the defendant's arguments and that a hearing is not necessary.

**Conclusion**

For the foregoing reasons, defendant's motion will be **DENIED**. An appropriate order follows.

**BY THE COURT:**

**DATE:12/29/14**          **s/ James M. Munley**
                           **JUDGE JAMES M. MUNLEY**
                           **United States District Court**