# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:11cr194 |
| | : | No. 3:14cv1717 |
| | : | |
| v. | : | **(Judge Munley)** |
| | : | |
| | : | |
| **KRISHNA MOTE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court is Defendant Krishna Mote's Rule 60(b)(6) motion for relief from a judgment or order. The defendant is asking the court to reopen a previously filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. After a careful consideration, we find that the defendant is not entitled to relief and the motion will be denied.

**Background**

On December 6, 2012, the defendant was found guilty of possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The court thereafter sentenced him to a term of life imprisonment.[1] On September 3, 2014, the defendant filed his first motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 140). That motion was denied on December 29, 2014. (Doc. 151).

---
[1] On October 6, 2017, President Barack Obama granted the defendant clemency. (Doc. 155). Defendant's sentence was commuted to a term of 240 months' imprisonment.

The defendant filed an application for a certificate of appealability with the Third Circuit on January 21, 2015. (Doc. 153). His application was denied on November 3, 2015 because he did not make "a substantial showing of the denial of a constitutional right." (Doc. 158).

On October 21, 2016, the defendant filed a "motion to reduce his sentence," which the court construed as a second or successive § 2255 motion. (Doc. 156). We concluded that we did not have jurisdiction over such a motion without prior Third Circuit Court of Appeals approval, and denied the defendant's motion. (Doc. 160). The defendant filed a motion for reconsideration of our ruling, which was subsequently denied. (Docs. 162, 163). He appealed that denial to the Third Circuit. (Doc. 153). The Third Circuit affirmed our ruling on June 7, 2018, denying the defendant a certificate of appealability. (Doc. 171).

The defendant filed the instant Rule 60(b)(6) motion on February 1, 2018. (Doc. 169). The defendant moves this court to reopen his first § 2255 motion, which, as noted above, was filed nearly four years ago on September 3, 2014, and denied on December 29, 2014. (Doc. 140). This matter is ripe for disposition.

**Discussion**

In the instant motion, defendant seeks relief under Rule 60(b)(6), which is "intended to be a means for accomplishing justice in extraordinary situations." Ackermann v. United States, 340 U.S. 193, 199 (1950); Kock v. Gov't of the V. I.,

811 F.2d 240, 246 (3d Cir. 1987). It is well-settled that relief under Rule 60(b)(6) is "extraordinary and may be granted only upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988); U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir. 1979).

Often, motions are presented to the court in the form of Rule 60(b) motions, but in essence are really successive § 2255 motions. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). The law limits the defendant to one § 2255 motion unless he obtains certification for a successive motion from the Court of Appeals. Id. at 529. A Rule 60(b) motion shall be treated as a successive habeas petition if it is "in substance a habeas corpus application." Id. at 531. If the motion is construed as a successive § 2255 motion, the district court does not have jurisdiction to entertain the motion unless the defendant is authorized by the court of appeals to file a successive motion. Burton v. Stewart, 549 U.S. 147, 153 (2007).

In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, **a motion attacking the effectiveness of trial counsel**, and a motion seeking relief for "any other reason" under Rule 60(b)(6). Id.; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004)

3

("[W]hen the Rule 60(b) motion seeks to collaterally attack the [defendant's] underlying conviction, the motion should be treated as a successive habeas petition"); United States v. Edwards, 309 F.3d 110, 113 (3d Cir. 2002) (determining that a motion under Rule 60(b) to reconsider a § 2255 motion should be treated as an unauthorized successive § 2255 motion).

Where the factual predicate of a defendant's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. Pridgen, 380 F.3d at 727. As the Third Circuit has held, this principle is consistent with Congress's goal of restricting the availability of relief to habeas defendants. Id.

Thus, prior to addressing the merits of defendant's Rule 60(b)(6) motion, the court must first determine whether the instant motion is, in substance, a successive § 2255 motion. Here, the defendant's motion requests the court address a claim pertaining to his conviction, specifically his ineffective assistance of trial counsel claim concerning trial counsel's failure to address allegedly perjured government witness testimony. As noted above, the law provides that motions addressing such claims are to be construed as § 2255 motions for the purpose of disposition. Accordingly, we construe the defendant's motion as his third § 2255 motion filed with the court, and we lack jurisdiction to address it.

**Conclusion**

Although the instant motion is titled by the defendant as a Rule 60(b) motion, we find that it is not. Defendant's motion is a successive § 2255 motion. This court does not have jurisdiction over such a motion without prior Third Circuit Court of Appeals approval. The defendant's motion will therefore be denied.

**BY THE COURT:**

**Date: June 8, 2018**　　　　　　　　　　　　　**s/ James M. Munley_____**
**JUDGE JAMES M. MUNLEY**
**United States District Court**